■ ROSA CATAPANO, as Administratrix of the Estate of MICHAEL CATAPANO, Deceased, Appellant, v. IMPRESSIVE HOMES, INC., Respondent-Appellant, and CITY OF NEW YORK, Respondent. IMPRESSIVE HOMES, INC., Third-Party Plaintiff-Appellant, and CITY OF NEW YORK, Third-Party Plaintiff, v. MILFORD CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent.— In an action to recover damages for the wrongful death of the plaintiff Catapano's intestate, in which the defendants Impressive Homes, Inc., and the City of New York interposed cross claims against each other and, as third-party plaintiffs, served separate third-party complaints against Milford Construction Corporation as a third-party defendant, the parties cross-appeal as follows from a judgment of the Supreme Court, Queens County, entered March 22, 1961 after a jury trial: (a) The plaintiff administratrix appeals, as limited by her brief, from so much of the judgment as dismissed her complaint against the corporate defendant Impressive; and (b) Impressive, as defendant and third-party plaintiff, appeals from so much of the judgment as dismissed both its cross claim against the defendant city and its third-party complaint against the third-party defendant Milford. As to the defendant city: while the complaint, the city's cross claim against the defendant Impressive and the city's third-party complaint against Milford were also dismissed by the court at the end of the case, no appeal is taken by the city and no question is raised by it with respect to such dismissals. On the appeal by the plaintiff: Judgment, insofar as appealed from by plaintiff, reversed on the law and new trial granted as between plaintiff and the defendant Impressive, with costs to plaintiff to abide the event, payable by said defendant; and the action severed as to all other parties. We have not considered any questions of fact. On the appeal by the defendant Impressive: Judgment, insofar as appealed from by said defendant, affirmed, with costs to the defendant city and the third-party defendant Milford, payable by Impressive. The accident occurred on June 7, 1955; and all references herein are to the statutes and rules then in effect. Plaintiff concedes that she has not established a cause of action based on common-law negligence and that she has no cause of action under section 240 of the Labor Law. The sole remaining issue is whether section 241 of the Labor Law, and specifically subdivision 6 thereof, and rule 23 of the Industrial Code (of the Board of Standards and Appeals of the State Labor Department; 12 NYCRR Part 23) promulgated pursuant thereto, are so far applicable to the facts herein as to impose upon the defendant Impressive, either as a general contractor or owner or in both capacities, a primary, nondelegable duty of compliance therewith. Section 241 of the Labor Law imposes such a duty of compliance upon "All contractors and owners, when constructing or demolishing buildings

*or doing any excavating in connection therewith*" (emphasis supplied). On the date of the accident, the decedent was employed as a laborer by the Milford Construction Corporation. That corporation was then engaged in excavation work under a contract with Impressive for the "completion of private combined sewer drains consisting of sanitary and storm sewer", which apparently were to be installed in connection with the current construction of new homes by Impressive as owner and general contractor. In our opinion, it was error for the learned Trial Justice to have dismissed the complaint as a matter of law on the ground that subdivision 6 of section 241 of the Labor Law, and the rules promulgated thereunder, did not impose upon Impressive a concurrent and primary duty of shoring and bracing the trench excavation. Under the applicable authorities, although Impressive was exercising no active control over Milford's work, it nevertheless was an owner or general contractor within the purview of section 241 and the rules mentioned (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20; *Mitchell* v. *State of New York*, 14 A D 2d 478). This being so, the issue of the negligence of Impressive, as well as the issue of the decedent's contributory negligence, if any, should have been presented to the jury (*Conte* v. *Large Scale Development Corp.*, *supra*). Upon the present record, we cannot determine that decedent was in the excavation at the time of the cave-in for the purpose of starting the shoring process and, therefore cannot hold, as a matter of law, that plaintiff is thereby barred from recovery (cf. *Kowalsky* v. *Conreco Co.*, 264 N. Y. 125). This issue must be resolved by the trier of fact. It is our further opinion that the cross claim and the third-party complaint of Impressive against the city and Milford, respectively, were properly dismissed. Since the main complaint charges Impressive with active negligence, in no event would it be entitled to recovery over against any other tort-feasor (*Conte* v. *Large Scale Development Corp.*, *supra*). Beldock, P. J., Brennan, Hill and Rabin, JJ., concur; Ughetta, J., dissents and votes to affirm the judgment, with the following memorandum: The proof shows that the decedent was engaged in the very work as to which it is asserted, on the basis of subdivision 6 of section 241 of the Labor Law and the rules promulgated thereunder, that the owner did not comply with its obligation, i.e., excavating *and* shoring. As of the time of the cave-in, the decedent was in the newly-created excavation for the purpose of starting the shoring process. Accordingly, in my view this is a compensation case. In such a situation there can be no recovery against the owner (*Kowalsky* v. *Conreco Co.*, 264 N. Y. 125; *Gottlieb* v. *Park Ave. Offices*, 13 A D 2d 645).